IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER SEAMAN, et al., <br><br> Plaintiffs, <br> v. <br> THE COMMONWEALTH OF VIRGINIA, et al., <br><br> Defendants. | Case No. 3:22-cv-00006-NKM <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

**PRELIMINARY STATEMENT**

On February 1, 2022, Plaintiffs filed a Complaint under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"). The Complaint challenges Executive Order 2, which prohibits Virginia public schools from requiring students to wear masks. On February 10, 2022, Plaintiffs moved for a Temporary Restraining Order or Preliminary Injunction to enjoin enforcement of Executive Order 2 pending resolution of this litigation.

Subsequently, the Virginia General Assembly codified Executive Order 2 into Virginia law. Va. S.B. 739 (2022 Session, Feb. 16, 2022); to be published at Va. Code Ann.§ 22.1-2.1 (2022). S.B. 739 will go into effect March 1, 2022. It threatens the same violations of federal law and the same irreparable harms as Executive Order 2. On February 18, Plaintiffs filed a First Amended Complaint, adding S.B. 739 to their claims. Plaintiffs' file this Supplement to their Motion for Temporary Restraining Order and Preliminary Injunction to add S.B. 739, to detail harm to Plaintiffs arising from S.B. 739 after Plaintiffs' original motion was filed, including harm to Plaintiff M.K., and to supply relevant caselaw since the original filing.

S.B. 739, like Executive Order 2, forces Plaintiffs' parents to make the untenable choice to expose their children to an environment that increases their risk of suffering severe illness from COVID-19 or keep them out of school and isolated from their peers.

This Court should grant Plaintiffs a temporary restraining order, enjoining Defendants from enforcing Executive Order 2 and S.B. 739 to strip school districts of their authority to implement masking where needed to protect the most vulnerable students.

## FACTS

**1. Passage & Impact of S.B. 739**

On February 16, 2022, the Governor signed S.B. 739, to be effective March 1, 2022. Va. S.B. 739 (2022 Session, Feb. 16, 2022); to be published at Va. Code Ann.§ 22.1-2.1 (2022). S.B. 739 codified Executive Order 2. The state law, like the Executive Order places Plaintiffs at risk of irreparable harm. In response to the state law, school districts have lifted their mask mandate or announced that they will lift their mask mandate, depriving Plaintiffs of the right to access their education safely.

First, although Fairfax County Public Schools had successfully challenged Executive Order 2 in state court as being beyond the Governor's authority, Fairfax district has announced that S.B. 739 will force it to give up its mask policy on March 1, which will force S.K. to make the same impossible choice for M.K. that other Plaintiffs have had to face. Ex. 18 and Attachment D (Decl. of S.K.). Therefore, Plaintiff M.K., who is three years old and has Cornelia de Lange Syndrome ("CdLS"), must also seek preliminary injunctive relief. Ex. 18 (Decl. of S.K.), in addition to the eleven Plaintiffs who originally sought preliminary injunctive relief. CdLS causes severe developmental delays, limb differences, and smaller features. M.K. is at high risk of severe illness if she contracts COVID-19. Ex. 18 (Decl. of S.K.). M.K. attends school in the Fairfax County Health District. The district has one of the highest rates of COVID-

19 among children in Virginia. The rate of COVID-19 cases in the district since July 2, 2021 is 8,350 per 100,000 children. In that time, there have been 23,053 confirmed cases of COVID-19 among children and 34 children with COVID-19 have been hospitalized and there was one death.[1] The district has been experiencing a recent spike in COVID-19 cases in children. For the first four full weeks of January 2022 there were 7,221 for ages 0-19.[2] In addition, the case numbers for children age 0-19 are the highest of any age group.

M.K. is unable to wear a mask because of her disability and virtual learning is not appropriate for her. As of March 1, M.K.'s parent will have to choose between risking her health at school with unmasked peers and risking her education and development by keeping her home. Ex. 18 (Decl. of S.K.).

Other Plaintiffs have also faced additional harm due to the passage of S.B. 739. On the day S.B. 739 was enacted, J.N.'s school district (Manassas) abruptly announced that it was lifting its mask policy effective the very next day, explicitly because of S.B. 739. Because J.N.'s school believes it cannot impose a mask requirement in J.N.'s classroom, or even talk to students about masks, Ms. Nelson attempted to explore other ways to ensure masks would be worn near J.N. She has received no response. Ex. 15 (Supp. Decl. of Tasha Nelson). Because the district has not responded to his requests for accommodations, J.N. is staying home, where he does not have access to supports and has inadequate access to means of keeping up with his classes. *Id.*

---

[1] *COVID-19 in Virginia: Cases Among Children: Count of Cases by Health District*, Va. Dep't of Health, https://www.vdh.virginia.gov/coronavirus/seethe-numbers/covid-19-data-insights/cases-among-children/ (last visited Feb. 22, 2022).
[2] *COVID-19 in Virginia: Weekly Health District Case Data,* Va. Dep't of Health, https://www.vdh.virginia.gov/coronavirus/see-the-numbers/covid-19-data-insights/weekly-health-district-case-data/ (last visited Feb. 22, 2022).

This situation is devastating J.N., who cries daily when his siblings are dropped off at school and he cannot go. His feels isolated, ostracized, and discriminated against, and is having feelings of regret, and even shame, about his disease. As a result, his anxiety has increased. It has also affected the entire family. J.N.'s younger siblings cry daily that their big brother can no longer walk them into school. They also live in fear that they may be infected from an unmasked student and inadvertently expose J.N. Finally, trying to educate J.N. at home is negatively affecting the family's schedules and finances, as well as J.N.'s educational opportunities.

B.B.'s school district (Henrico) also informed parents on the same day S.B. 739 was passed, that it would drop its mask requirements the very next day. As a result, B.B. and his twin brother had to stay home and are receiving no education. B.B.'s school has provided only a virtual option (that is not currently available, but the school is attempting to get an exception), homebound instruction (which is very limited and temporary), and home schooling (which requires the parents to perform the teaching duties.

B.B. is devastated. He was unable to say goodbye to his teachers and friends and he is now missing out on educational and extracurricular opportunities he had looked forward to. His brother, who has autism, is also being harmed by the abrupt change from in-person learning to staying at home. Both boys cry themselves to sleep. Ex. 16 (Supp. Decl. of Elizabeth Burnett).

L.R.'s school district (Loudoun) also dropped its mask mandate – originally to be effective February 22 in response to S.B. 739, then to be effective immediately pursuant to a state court order applying Executive Order 2. Ex. 19, Attachment A and B (Supp. Decl. of K.R.). L.R. will now need to wait much longer to return to school because the PCR test positivity rate in her county must be significantly lower before she can return to an unmasked school than it would have been if her school were still masking. Ex. 19 (Supp. Decl. of K.R.).

I.C. also attends Loudoun schools. Following the lifting of the mask mandate, because his parent has to work, I.C. has had to attend school even though it risks his health. He has been seated at the teacher's desk, removed from his peers. He is experiencing anxiety about being around unmasked students and is having anxiety attacks at school. Ex. 17 (Supp. Decl. of Kimberly Crawley).

## ARGUMENT

**I.     PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS**

M.K., like the other Plaintiffs, has a disability as defined by the ADA. CdLS substantially limits the major life activity of caring for oneself, among others. Her condition places her at high risk of contracting COVID-19 and/or heightened risk of complications if she contracts COVID-19. M.K., like the other Plaintiffs, is enrolled in a public school and is, therefore, qualified to receive public education services. Ex. 18 (Decl. of S.K.) (M.K. attends Fairfax County Public Schools). Accordingly, M.K. is a qualified individual with a disability who meets the essential eligibility requirements for the services in question. 28 C.F.R. § 35.104; 34 C.F.R. § 104.3(l).

M.K., like the other Plaintiffs, may be excluded from her school when Fairfax schools lift their mask mandate on March 1. 28 C.F.R. § 35.130(b)(3); 34 C.F.R. § 104.4(b)(4); 28 C.F.R. § 35.130(b)(3);34 C.F.R. § 104.4(b)(4); 28 C.F.R. § 35.130(d); 34 C.F.R. § 104.4(a); 28 C.F.R. § 35.130(b)(7).

Recent cases have confirmed that comparable anti-masking orders and laws run afoul of the ADA and Section 504. *E.g.*, *Doe 1 v. Perkiomen Valley School Dist.*, 2022 WL 356868 (E.D. Pa. Feb. 7, 2022); *Doe 1 v. North Allegheny School Dist.*, 2022 WL 170035 (W.D. Pa. Jan. 17, 2022). This Court should do the same.

### A. Plaintiffs Have Standing to Challenge S.B. 739

Just as Plaintiffs have standing to challenge Executive Order 2, Plaintiffs have standing to challenge S.B. 739 because their injuries are traceable to the new law. Immediately after passage of S.B. 739, J.N.'s and B.B.'s schools dropped their mask requirements, forcing those students to remain home unless and until a reasonable modification can be put in place – in contravention of S.B. 739 – that would make attending class safe for them. Ex. 15 (Supp. Decl. of Tasha Nelson); Ex. 16 (Supp. Decl. of Elizabeth Burnett). Loudoun County Public Schools also lifted their mask mandate, and I.C. has had to return to school with peers who no longer wear masks, even though his lung disease puts him at risk of serious illness from COVID. He has to sit, awkwardly, at the teacher's desk, removed from his peers, and hope that is sufficient to protect his health. Ex. 17 (Supp. Decl. of Kimberly Crawley). M.K.'s school has announced it will withdraw its mandate March 1. Ex. 18, Attachment D (Decl. of S.K.). C.S. is at substantial risk that his school will withdraw its mandate when S.B 739 goes into effect. And L.R. will have to wait much longer to return to school now that the district has lifted its mask mandate. Ex. 19 (Supp. Decl. of L.R.)

Following Executive Order 2, 60 school districts rescinded their mask mandates. As of February 21, following enactment of S.B. 739, but even before its effective date, that number jumped to 77, including those attended by four Plaintiffs. Ex. 19 (Supp. Decl. of Marie Bauer). In doing so, they explicitly referred to S.B. 739 as the reason. Ex. 15 (Supp. Decl. of Tasha Nelson); Ex. 16 (Supp. Decl. of Elizabeth Burnett); Ex. 17 (Supp. Decl. of Kimberly Crawley); Ex. 18 (Supp. Decl. of L.R.). While some school districts still require students to mask in contradiction to Executive Order 2, S.B. 739 will give that Order the force of law as of March 1.

## II.     **PLAINTIFFS WILL SUFFER IRREPARABLE HARM WITHOUT AN INJUNCTION.**

Plaintiffs are all students with disabilities that place them at heightened risk of serious consequences from COVID-19. *See* discussion *supra* at 10-11. Plaintiffs like C.B., J.M., and I.C., who are still attending school despite their school district's lifting their mask mandates, are at particularized risk of harm to their health. Exs. 9, 10 (Decls. of L.W. and R.M.); Ex. 17 (Supp. Decl. of Kimberly Crawley).

Since S.B. 739, two more of Plaintiffs' parents have had to remove their children from public school. *See* Ex. 15 (Supp. Decl of Tasha Nelson); Ex. 16 (Supp. Decl. of Elizabeth Burnett), harming the children's educational opportunities, as well as the emotional and financial well-being of their families. *Id.*

When the S.B. 739 goes into effect March 1, and Fairfax schools lift their mandates as a result, Plaintiff M.M. will have to choose between risking her health and safety or her education.

## CONCLUSION

Plaintiffs respectfully request that this Court enjoin Defendants from enforcing Executive Order 2 and S.B. 739, and allow Virginia school districts the discretion to ensure their students receive an equal opportunity to benefit from public education – without jeopardizing their safety.

Dated:  February 22, 2022

                                                                                   Respectfully submitted,

                                                                                   /s/ Eden B. Heilman
                                                                                   Eden B. Heilman (Va. Bar No. 93554)
                                                                                   Matthew Callahan (*pro hac vice* to be filed)
                                                                                   Monique Gillum (*pro hac vice* to be filed)
                                                                                   American Civil Liberties Union (ACLU)
                                                                                   Foundation of Virginia
                                                                                   701 E. Franklin St., Suite 1412
                                                                                   Richmond, VA 23219

Tel: (804) 644-8022
Fax: (804) 649-2733
eheilman@acluva.org
mcallahan@acluva.org
mgillum@acluva.org

Eve L. Hill (VA Bar # 96799)
Sharon Krevor-Weisbaum (*pro hac vice*)
Jessica Weber (*pro hac vice* pending)
Brown Goldstein Levy LLP
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
EHill@browngold.com
skw@browngold.com
jweber@browngold.com

Steven M. Traubert (Va. Bar #41128)
Kerry M. Chilton (Va. Bar #90621)
disAbility Law Center of Virginia
1512 Willow Lawn Drive, Suite 100
Richmond, Virginia 23230
(804)225-2042
steven.traubert@dLCV.org
kerry.chilton@dLCV.org

Ian S. Hoffman (VA Bar #75002)
John A. Freedman (*pro hac vice* to be filed)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, DC  20001
Tel: (202) 942-5000
Fax: (202) 942-5999
Ian.Hoffman@arnoldporter.com
John.Freedamn@arnoldporter.com

Kaitlin Banner (*pro hac vice* pending)
Margaret Hart (*pro hac vice* to be filed)
Marja K. Plater (*pro hac vice* to be filed)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS 700 14th Street, NW, Suite 400
Washington, DC 20005 Phone: (202) 319-1000
Fax: (202) 319-1010
kaitlin_banner@washlaw.org

8

margaret_hart@washlaw.org
marja_plater@washlaw.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February 2022, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

                                                 */s/ Eve L. Hill*
                                                 Eve L. Hill