# Exhibit 15-A

## SECOND DECLARATION OF TASHA NELSON

COMES NOW, Tasha Nelson and pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

1. My name is Tasha Nelson, and I am over 18 years old. I have personal knowledge of the facts as stated herein.
2. This declaration is submitted my initial declaration, ECF 5, Ex. 2.
3. I am the parent of J.N., who is ten years old and is in fourth grade at Jennie Dean Elementary School, which is part of Manassas City Public Schools. J.N. has been diagnosed with cystic fibrosis, pancreatic insufficiency, allergies, distal intestinal obstructive syndrome, ADHD combined type, convergence insufficiency, and vision impairment.
4. These conditions put him at higher risk for severe complications if he were to contract COVID-19. Illness resulting from COVID-19 could mean that J.N. would need a lung transplant, or could experience permanent damage of lung tissue, permanent damage of lung function, or death.
5. On February 16, 2022, I received a call from the Vice Principal of J.N.'s school who informed me that Manassas City Public Schools would be welcoming students on campus without masks beginning February 17, 2022. I was told that I was receiving advanced notice because Manassas City Public Schools was aware of the high risks to J.N.'s health and life associated with COVID-19.
6. That evening, Manassas City Public Schools officially changed its masking policy such that students are no longer required to wear masks in school and unmasked students were welcome beginning February 17, 2022. Manassas City Public Schools made this change upon becoming aware of Senate Bill 739. *See* Exhibit A (Email from Manassas City Public Schools dated February 16, 2022).
7. On February 17, 2022, I received a call from Gina Bellamy, RN, Supervisor of Student Health Services for Manassas City Public Schools . She asked me about J.N.'s diagnosis, if he had a doctor's note related to masking requirements for COVID-19, and whether he has an Individualized Education Plan (IEP) pursuant to the Individuals with Disabilities Education Act. I immediately sent her J.N.'s IEP and a letter from Dr. Peter J. Mogayzel, which recommends that, during times of high COVID-19 transmission, J.N. and those around him should wear a mask. *See* Ex. B (Letter from Dr. Peter J. Mogayzel).
8. On February 17, 2022, I also corresponded with Mr. Eric Mauck, Assistant Principal of Jennie Dean Elementary, and requested reasonable accommodations for J.N. Specifically, I asked Manassas City Public Schools to notify the families in J.N.'s class that there is a high risk student in the classroom and to please take that into consideration when deciding whether to send their children to school in a mask. I asked if J.N. could be seated near other students who regularly wear masks and kept socially distanced, six feet apart, from students who are not masked. I asked that they please have a plan in place for J.N. such that he could return to school no later than Tuesday, February 22, 2022. *See* Ex. C (Email from T. Nelson to E. Mauck dated February 17, 2022). To date, I have not received any plan for J.N.'s return.
9. Manassas City Public Schools has also informed me that they are not able to help students when their masks need adjustments or fall off. I have been informed that staff can only address masking with a student when the student is symptomatic, such as coughing. If a student is symptomatic, staff may provide a mask to the student and take the student to the school nurse to quarantine. This policy is too little, too late for J.N. who would be exposed to a symptomatic, unmasked student at that point, jeopardizing his health and life.
10. On February 18, 2022, I wrote to Manassas City Public Schools and provided explicit permission to Manassas City Public Schools staff to help my children adjust their masks, replace their masks with new ones, and remind them to fix their masks if needed. I advised Manassas City Public Schools that it is my express intent that my children be masked at all times with the exception of eating lunch, at which time they will wear face shields. *See* Ex. D (Email from T. Nelson to S. Ridgell, E. Mauck, A. Griffin, and C. Henretty dated February 18, 2022). To date, I have not received a response to my February 18, 2022 correspondence.
11. On February 19, 2022, I learned that all of the students in J.N.'s class wore masks on February 17, and February 18, 2022. I immediately contacted Assistant Principal Mauck to ask why I was not informed so that J.N. could go to school.
12. On February 21, 2022, Dr. Brent, Director of Student Experience for Manassas City Public Schools, called me and explained that the district is trying to determine what they can and cannot do under the new state law and the school board is meeting on February 22, 2022 to discuss masking. He repeated that Manassas City Public Schools understand the state law

to prohibit school staff from even talking to students about masks and prohibits staff from suggesting to a student to fix their mask if necessary.

13. There is an Individualized Education Plan meeting scheduled for J.N. for February 24, 2022. I truly hope that Manassas City Public Schools will work with my family to figure out a safe way for J.N. to return to in-person education on February 25, 2022.

14. In the meantime, because Manassas City Public Schools removed its requirement for universal masking and is unable to ensure J.N. is safe in school due to SB 739, J.N. is not attending school and remains at home where he does not have access to the educational supports he requires. We only have access to his assignments via Schoology, a learning platform for children quarantined on a short-term basis. There is no appropriate long-term virtual learning program available to J.N.

15. J.N.'s ADHD impacts his education such that he requires in-person instruction in order to maintain focus and learn. While I am doing my best to educate J.N. at home, I am not a trained educator. We have not yet been able to complete a full day's assignments because I am unfamiliar with the material, especially the math lessons. J.N. has to wait for my husband to get home from work to do math lessons but that interrupts our schedule of evening dinner, homework with our twins, and J. N.'s physical therapy and nebulizer sessions. This is affecting us financially as well. During the school day, I typically work and am unable to do so while also trying to educate J.N. I also have a toddler who is not yet school aged and I must tend to him throughout the day, which takes away from time I can dedicate to acting as J.N.'s teacher and working.

16. J.N. is devastated that he, once again, has to stay home because he has Cystic Fibrosis and is high risk. He has been upset and crying when we drop his siblings off at school. He is having deep feelings of shame and regret about his disease and this experience has increased his anxiety. He feels more isolated than ever. He is very obviously feeling ostracized, isolated, and discriminated against.

17. Manassas City Public Schools' inability to implement accommodations for J.N. due to SB 739 has upset our entire family. J.N's six-year-old twin siblings cry each day that their big brother is not able to walk them into school. My other children worry about being near unmasked children because they do not want to inadvertently expose J.N. to COVID-19. My husband and I have been very concerned for J.N.'s education and emotional well-being.

18. J.N. really wants to be at school. He is excited to be in band next year and play the drums. He is excited to be considered for the Gifted in Science Program next year. If appropriate accommodations were in place for J.N., he would return to in person schooling.

I swear under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated this 21 day of February, 2022 at Manassas, Virginia.

_____
Tasha Nelson, Plaintiff