IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER SEAMAN *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>The COMMONWEALTH OF VIRGINIA; *et al.*<br><br>Defendants. | Case No. 3:22-cv-00006-NKM<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Pending before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO") filed on February 10, 2022. (ECF No. 004) and supplemented on February 22. Having considered the briefing and argument, the applicable law, and all matters properly before the Court, the Court finds that Plaintiffs have shown that immediate and irreparable injury, loss, or damage will result to Plaintiffs if Defendants' acts pursuant to Executive Order 2 and S.B. 739 are not immediately restrained. Further, the Court finds that Plaintiffs have made a proper showing of (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in their favor; and (4) that the injunction is in the public interest. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009).

A.   **Likelihood of Success on the Merits**

Plaintiffs have shown a likelihood of success on the merits under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* because Executive Order 2 and S.B. 739 refuse to make, and prohibit schools from making, reasonable modifications to require students to wear masks so that students with disabilities can participate in in-person learning with their peers. A review of Plaintiffs' declarations in this case demonstrates that, because of Executive Order 2 and S.B. 739, Defendants have denied Plaintiffs meaningful access to in-person education programs, services and activities.

Department of Justice regulations implementing Title II of the ADA provide "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7). Section 504's regulations impose similar requirements. *Nat'l Federation of the Blind v. Lamone*, 813 F.3d 494, 506 n. 8 (4th Cir. 2016). "A modification is necessary if it is 'reasonable on its face' or used 'ordinarily in the run of cases' and will not cause 'undue hardship.'" *Id.* at 507 (quoting *Halpern v. Wake Forest Univ. Health Sciences*, 663 F.3d 333, 464 (4th Cir. 2012)).

The reasonable modification sought by Plaintiffs – allowing school districts, at their discretion, to require mandatory masking in schools – is reasonable on its face. The Centers for Disease Control (CDC), the American Academy of Pediatrics (AAP), and the American Medical Association (AMA) have all concluded that universal mask-wearing is effective at preventing the spread of COVID-19, including among school children. *See* CDC, Guidance for COVID-19 Prevention in K-12 Schools (Jan. 13, 2022); AAP, Face Masks; AAP, Staying Safe in School

During COVID-19; AMA, Coronavirus Masking in Public ("Public masking during the COVID-19 pandemic is one of the most effective measures we can take to contain the spread of the virus."). Even the Commonwealth's own Department of Health, after the issuance of Executive Order 2, notes the effectiveness of mask-wearing and recommends it when in areas of high transmission, even for those who are vaccinated. Virginia Dept. of Health, Protect Your Health: Mask Requirements and Recommendations.

The benefits of masking significantly exceed the costs. The record shows that many school districts were already implementing mask mandates until Executive Order 2 was issued. Indeed, prior to issuance of Executive Order 2, the Commonwealth required the use of masks in K-12 schools.  Va. Dept. of Health, Public Health Emergency Order (Aug. 12, 2021).

Other courts have recently recognized that similarly situated Plaintiffs were likely to succeed on the merits. *See Perkiomen Valley School Dist.*, 2022 WL 356868; *Doe 1 v. North Allegheny School Dist.*, 2022 WL 170035 (W.D. Pa. 2022).

**B.      Irreparable Harm**

The Court finds that Plaintiffs have made a clear showing of irreparable harm. Plaintiffs are likely to suffer irreparable injury if Governor Youngkin's Executive Order 2 and S.B. 739 are enforced because in-person school has already begun and cases of COVID-19, and hospitalizations, among children are increasing in Virginia, including thousands of positive cases among Virginia students, with a community spread level that is "High" across the Commonwealth. *See* Va. Dept. of Health, COVID-19 Level of Community Transmission, https://www.vdh.virginia.gov/coronavirus/see-the-numbers/covid-19-in-virginia/community-transmission/.

Under Executive Order 2 and S.B. 739, schools are prohibited from requiring face coverings under any circumstances, including when necessary for the access and safety of students with disabilities who are at high risk of severe illness. Plaintiffs have provided expert declarations demonstrating that exposure to COVID-19 places them at heightened risk of severe illness. Defendants' actions pursuant to Executive Order 2 and S.B. 739 have already led school districts to rescind their mask requirements despite a desire to retain them. Importantly, Plaintiffs need not show that they face a likely risk of death to demonstrate irreparable harm. The risk of a child with high-risk medical conditions contracting COVID-19 constitutes irreparable harm. *See Perkiomen Valley School Dist.*, 2022 WL 356868, *25 (E.D. Pa. 2022) ("An increased risk of contracting a life-threatening disease like COVID-19 easily constitutes an irreparable injury."); *Doe 1 v. North Allegheny School Dist.*, 2022 WL 170035, *7 (W.D. Pa. 2022); *Disability Rights South Carolina v. McMaster*, 2021 WL 4449446 (D.S.C. 2021); *Coreas v. Bounds,* 451 F. Supp. 3d 407, 428-29 (D.Md. 2020) (finding COVID-19 exposure risks irreparable harm); *Banks v. Booth*, 459 F. Supp. 3d 143, 159 (D.D.C. 2020) (same);  *ARC of Iowa v. Reynolds,* No. 21-3268 (8th Cir. 2022); *G.S. v. Lee*, No. 21-CV- 02552-SHL-ATC, 2021 WL 4057812, at *8 (W.D. Tenn. Sept. 3, 2021); *Peregrino Guevara v. Witte*, Case No. 6:20-CV-01200, 2020 WL 6940814, at *8 (W.D. La. Nov. 17, 2020) (noting that "[i]t is difficult to dispute that an elevated risk of contracting COVID-19 poses a threat of irreparable harm").

**C.      Balance of Equities and Public Interest**

When the defendants are governmental entities, the equities and public interest analyses merge[.]" *Nken v. Holder*, 556 U.S. 418, 435 (2009). Here, the public interest does not lie with enforcement of Executive Order 2 and S.B. 739, which violate the federal laws prohibiting discrimination on the basis of disability. In addition, there is little harm to the Commonwealth

from allowing school districts to meet their obligations under federal law. Therefore, the balance of equities tips in Plaintiffs' favor and injunctive relief is in the public interest.

**D.      Bond**

Plaintiffs request the temporary restraining order and preliminary injunction issue without bond. "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security set by the court[.]" Fed. R. Civ. P. 65. However, in the Fourth Circuit, "the district court retains discretion to set the bond amount as it sees fit or waive the security requirement." *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013). Here, Defendants are not harmed by the injunctive relief. The Court, therefore, grants Plaintiffs' request to issue the injunction without bond.

      **IT IS THEREFORE ORDERED**, to avoid irreparable harm and maintain the status quo, Plaintiffs' Motion for Preliminary Injunction is **GRANTED**, and Defendants, Defendants' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendants are hereby enjoined from implementing, giving any effect to, issuing any guidance adopting, imposing any fines or withholding any funding in connection with, or bringing any legal actions to enforce Executive Order 2 and S.B. 739 as to public schools or school districts until a final decision in this litigation is issued.

      **IT IS FURTHER ORDERED** that the required bond or security to be posted by Plaintiffs under Rule 65(c) of the Federal Rules of Civil Procedure are waived.

      **IT IS FURTHER ORDERED** that a trial is set in this case on _____.

      SIGNED this _____, 2022 at \_\_\_:\_\_\_ \_\_.m.