IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Christopher Seaman, et al., <br><br> Plaintiffs, <br><br> v. <br><br> The Commonwealth of Virginia, et al., <br><br> Defendants. | Case No. 3:22-cv-00006-NKM |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Presently pending before this Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Plaintiffs' Motion"), filed on February 10, 2022.[1] ECF 4. Defendants filed their opposition to Plaintiffs' Motion on February 28, 2022. ECF 46. Plaintiffs submitted their reply brief on March 3, 2022. ECF 50. This Court held a hearing on Plaintiffs' Motion on March 7, 2022. Plaintiffs respectfully submit this notice of supplemental authority in light of this Court's inquiry at the March 7, 2022 hearing about relevant federal guidance on COVID-19 safety measures in schools and compliance with the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504").

First, Plaintiffs noted in their reply brief and on the record at the hearing on March 7 that the U.S. Department of Education's ("DOE") recently issued "Letter to Stakeholders" clarifies masking guidelines for school districts following the Centers for Disease Control's ("CDC")

---

[1] Plaintiffs also filed a Supplemental Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction on February 22, 2022. ECF 29.

February 25, 2022 updated COVID-19 guidance.[2]  Ex. A (DOE's February 25, 2022 "Letter to Stakeholders").  The DOE advises school districts that the new CDC guidance *does not* prohibit school districts from implementing masking along with other COVID-19 mitigation strategies to protect the rights of students with disabilities so they have continued access to safe in-person learning.[3]  *See* Ex. A.  The DOE's letter also incorporates its prior guidance that schools may consider "some degree of masking" as a necessary reasonable accommodation under Title II of the ADA, "to ensure that students with disabilities have meaningful access to in-person schooling without incurring an elevated risk of hospitalization or death due to COVID-19."[4]  The DOE's guidance supports Plaintiffs' position that school districts should be able to implement masking as a reasonable accommodation for students with disabilities to attend in-person school safely.  The Governor's Executive Order 2 ("EO2") and Senate Bill 739 ("SB 739") prevent school districts in Virginia from doing so.

The DOE's Office for Civil Rights is also investigating five states with bans on indoor masking for discriminating against students with disabilities under Title II of the ADA and

---

[2] Guidance for COVID-19 Prevention in K-12 Schools, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html (last visited Mar. 8, 2022); *See also* Indicators for Monitoring COVID-19 Community Levels and COVID-19 and Implementing COVID-19 Prevention Strategies, Centers for Disease Control and Prevention, at 2, https://www.cdc.gov/coronavirus/2019-ncov/downloads/science/Scientific-Rationale-summary-COVID-19-Community-Levels.pdf (last visited Mar. 8, 2022)

[3] Additionally, the CDC released a report on March 8, 2022, finding that school districts in Arkansas "with universal mask requirements had a 23% lower incidence of COVID-19 among staff members and students compared with districts without mask requirements." Catherine V. Donovan, PhD, et al., *SARS-CoV-2 Incidence in K–12 School Districts with Mask-Required Versus Mask-Optional Policies — Arkansas, August–October 2021*, 71 MORBIDITY AND MORTALITY WEEKLY REPORT (Mar. 8, 2022), https://www.cdc.gov/mmwr/volumes/71/wr/mm7110e1.htm?s_cid=mm7110e1_e (last visited Mar. 9, 2022).

[4] U.S. Dep't of Ed., *Disability Rights*, available at https://www.ed.gov/coronavirus/factsheets/disability-rights (last visited Mar. 8, 2022).

Section 504.[5] Mask restrictions "may be preventing schools…from meeting their legal obligations not to discriminate based on disability and from providing an equal educational opportunity to students with disabilities who are at heightened risk of severe illness from COVID-19."[6]

The U.S. Department of Justice ("DOJ") has also submitted amicus briefs in similar cases supporting school districts' ability to implement masking as a reasonable accommodation under the ADA and Section 504. In *E.T. v. Paxton*[7], for example, the DOJ explains that the Texas Governor's executive order, which forbids local school districts from requiring universal masking or masking in a particular area, like a classroom or portion of the school, violates Title II of the ADA and Section 504. *See* Ex. B (DOJ Fifth Cir. Amicus Brief, p. 24-30).

Similarly, in *Disability Rights SC v. McMaster*,[8] which challenged the South Carolina legislature's proviso that prohibited school districts from using state funds to impose mask mandates in schools, the DOJ submitted an amicus brief in support of the plaintiffs-appellees. The DOJ explained that to the extent the proviso's complete ban on masking in schools prevents local school districts from using masking requirements as a reasonable accommodation for disabled students; it interferes with and thus is preempted by the ADA and Section 504. *See* Ex. C (DOJ's Fourth Circ. Amicus Brief, p. 9-12).

---

[5] U.S. Dep't of Ed., *Department of Education's Office for Civil Rights Opens Investigations in Five States Regarding Prohibitions of Universal Indoor Masking* (August 30, 2021), available at https://www.ed.gov/news/press-releases/department-educations-office-civil-rights-opens-investigations-five-states-regarding-prohibitions-universal-indoor-masking (last visited Mar. 9, 2022).
[6] *Id.*
[7] *E.T. v. Morath*, 2021 U.S. Dist. LEXIS 220476 (W.D. Tex. Nov. 10, 2021) (stayed pending appeal in *E.T. v. Paxton*, No. 21-51083, 2021 U.S. App. LEXIS 35508 (5th Cir. Dec. 1, 2021)).
[8] *Disability Rights S.C. v. McMaster*, No. 21-2070, 2022 U.S. App. LEXIS 2292 (4th Cir. Jan. 25, 2022).

Both the DOE's letter and the DOJ analysis provided in its amicus briefs support the Plaintiffs' position in this case that EO2 and SB 739 violate Title II of the ADA.

Respectfully submitted,

  /s/ *Kaitlin Banner*
Kaitlin Banner (*pro hac vice*)
Margaret Hart (*pro hac vice* to be filed)
Marja K. Plater (*pro hac vice* to be filed)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS 700 14th Street, NW, Suite 400
Washington, DC 20005 Phone: (202) 319-1000
Fax: (202) 319-1010
kaitlin_banner@washlaw.org
margaret_hart@washlaw.org
marja_plater@washlaw.org

Eden B. Heilman (Va. Bar No. 93554)
Matthew Callahan (*pro hac vice*)
Monique Gillum (*pro hac vice* to be filed)
American Civil Liberties Union (ACLU)
Foundation of Virginia
701 E. Franklin St., Suite 1412
Richmond, VA 23219
Tel: (804) 644-8022
Fax: (804) 649-2733
eheilman@acluva.org
mcallahan@acluva.org
mgillum@acluva.org

Eve L. Hill (VA Bar # 96799)
Sharon Krevor-Weisbaum (*pro hac vice*)
Jessica Weber (*pro hac vice* pending)
Brown Goldstein Levy LLP
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
EHill@browngold.com
skw@browngold.com
jweber@browngold.com

4

        Steven M. Traubert (Va. Bar #41128)
        Kerry M. Chilton (Va. Bar #90621)
        disAbility Law Center of Virginia
        1512 Willow Lawn Drive, Suite 100
        Richmond, Virginia 23230
        (804)225-2042
        steven.traubert@dLCV.org
        kerry.chilton@dLCV.org

        Ian S. Hoffman (VA Bar #75002)
        John A. Freedman (*pro hac vice* to be filed)
        Arnold & Porter Kaye Scholer LLP
        601 Massachusetts Ave., N.W.
        Washington, DC  20001
        Tel: (202) 942-5000
        Fax: (202) 942-5999
        Ian.Hoffman@arnoldporter.com
        John.Freedamn@arnoldporter.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 9, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

          */s/ Kaitlin Banner*
Kaitlin Banner (admitted *pro hac vice*)
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
700 14th Street, NW, Suite 400
Washington, DC 20005
Phone: (202) 319-1000
Fax: (202) 319-1010
kaitlin_banner@washlaw.org

6