IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER SEAMAN and ELIZABETH ALLISON LYONS, individually and on behalf of C.S., a minor, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE COMMONWEALTH OF VIRGINIA, et al., <br><br> *Defendants*. | No. 3:22-cv-6-NKM |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs' notice of supplemental authority does not support their request for a temporary restraining order and preliminary injunction.

1. The Secretary of Education's Letter to Stakeholders undermines Plaintiffs' standing arguments. The letter links to guidance which instructs "school district[s]" that whether "some degree of masking" would ever be "necessary" as a reasonable modification "is necessarily a fact-specific inquiry depending on each school's particular circumstances and the modifications sought by their students." U.S. Dep't of Ed., *Disability Rights* (Feb. 24, 2022), https://tinyurl.com/yc2x49ns. But Plaintiffs have not sued the school districts, nor are their claims premised on "fact-specific inquir[ies] depending on each school's particular circumstances and the modifications sought by their students." *Id.* They have instead sued statewide officials who play no

role in the interactive process under Title II. And they have requested a statewide injunction that would not provide the Plaintiffs the modification they seek—the universal and indefinite masking of their classmates. Instead, the order would merely advise school divisions on the extent of their discretion under the ADA, and apparently open the door for Plaintiffs to later sue the school districts if they exercise their discretion to offer reasonable modifications other than the forced masking rules Plaintiffs demand. See Reply. Br. 17. This argument further shows that Plaintiffs' suit is a request for an advisory opinion that Article III prohibits.

2. Plaintiffs argue that federal investigations of masking rules in states other than Virginia and federal amicus briefs in suits challenging the masking rules of states other than Virginia shed light on the lawfulness of Executive Order 2 and Senate Bill 739. This argument is misplaced for several reasons.

First, Plaintiffs cite no federal position regarding Executive Order 2 or Senate Bill 739. As to the federal investigations, Plaintiffs cite only an August 2021 press release noting that the Department of Education had "opened directed investigations in five states exploring whether statewide prohibitions on universal indoor masking discriminate against students with disabilities." U.S. Dep't of Ed., *Department of Education's Office for Civil Rights Opens Investigations in Five States Regarding Prohibitions of Universal Indoor Masking* (August 30, 2021), https://tinyurl.com/y5e4mawn. But Plaintiffs cite nothing regarding the *conclusions* of those investigations; as the agency itself noted, "opening this directed investigation in no way implies that [the agency] has decided whether there has been a violation of

a law." Suzanne B. Goldberg, *Letter to the Iowa Department of Education* (Aug. 30, 2021), https://tinyurl.com/4rch29sw. In addition, Virginia was not one of the five states investigated. The fact that the Department of Education opened an investigation into other states regarding their policies in no way implies that the federal government has concluded that Executive Order 2 or Senate Bill 739 are unlawful.

Second, while Plaintiffs point to amicus briefs that the Department of Justice filed in cases involving Texas and South Carolina masking policies, the federal government filed no such brief here. As described in Virginia's briefs, both the pandemic itself and federal guidance regarding masking have changed dramatically in recent months. See, *e.g.*, Defs.' BIO at 3–7. Thus, again, Plaintiffs cannot infer a federal position on Executive Order 2 or Senate Bill 739 from filings in other cases, particularly given that the federal government's silence in this case stands in marked contrast to its past participation in other masking litigation. Further, in its amicus briefs, the federal government explained that "school districts" are "the entities primarily responsible for complying with Title II and Section 504," and that those statutes require "a fact-specific and case-by-case inquiry" into whether a particular modification is reasonable under the circumstances, which "may" or "may not" lead school districts to conclude that some degree of masking is necessary. Brief for Dep't of Justice as Amicus Curiae in Support of Plaintiffs-Appellees at 16, *Disability Rights S.C. v. McMaster*, 24 F.4th 893 (4th Cir. 2022) (No. 21-2070). This position again underscores that Plaintiffs are seeking a nonjusticiable advisory opinion, given that

their school districts are not parties to this suit and that no such case-by-case, fact-specific inquiry has been conducted here.

Third, the lawsuits challenging the Texas and South Carolina masking laws have not succeeded. The Fourth Circuit rejected a challenge to South Carolina's law prohibiting forced masking mandates in schools for lack of standing, see *Disability Rights S.C. v. McMaster*, 24 F.3d 893 (4th Cir. 2022), notwithstanding the federal government's amicus brief. Similarly, the Fifth Circuit stayed the district court's injunction of a Texas executive order prohibiting local forced masking mandates in schools on the ground that the plaintiffs likely lacked standing and likely failed to exhaust their administrative remedies—the same arguments Defendant press in this case. See *E.T. v. Paxton*, 19 F.4th 760, 765–68 (5th Cir. 2021). Reliance in *this* case on the federal government's amicus briefs filed in those cases is therefore deeply misplaced.

For the foregoing reasons, Plaintiffs' supplemental sources not only fail to support their request for temporary relief, but in fact undercut it. This Court should accordingly deny Plaintiffs' motion for a temporary restraining order and preliminary injunction.

March 10, 2022						Respectfully submitted,

							By:	*/s/ Andrew N. Ferguson*
							ANDREW N. FERGUSON (Va. Bar #86583)
							 *Solicitor General*

4

JASON S. MIYARES
  *Attorney General*

CHARLES H. SLEMP III (Va. Bar #79742)
  *Chief Deputy Attorney General*

STEVEN G. POPPS (Va. Bar #80817)
COKE MORGAN STEWART (Va. Bar #41933)
  *Deputy Attorneys General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7704—Telephone
(804) 371-0200—Facsimile

ANDREW N. FERGUSON (Va. Bar #86583)
  *Solicitor General*

ERIKA L. MALEY (Va. Bar #97533)
  *Principal Deputy Solicitor General*

LUCAS W.E. CROSLOW (Va. Bar #97517)
  *Deputy Solicitor General*

GRAHAM K. BRYANT (Va. Bar #90592)
ANNIE CHIANG (Va. Bar #94703)
M. JORDAN MINOT* (Va. Bar # 95321)
  *Assistant Solicitors General*

* *application for admission pending*

1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2022, I electronically filed the foregoing Response to Plaintiffs' Notice of Supplemental Authority with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all CM/ECF participants.

/s/ Andrew N. Ferguson
ANDREW N. FERGUSON (#86583)
 Solicitor General