IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Christopher Seaman, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>The Commonwealth of Virginia, et al.,<br><br>　　　　　Defendants. | Case No. 3:22-cv-00006-NKM |

**PLAINTIFFS' REPLY TO DEFENDANTS' MOTION TO DISMISS**

　　Defendants make the same arguments in support of their Motion to Dismiss as in their Opposition to Plaintiffs' Motion for TRO and PI. These arguments are even weaker in the context of a motion to dismiss than they are in the context of a preliminary injunction, where Plaintiffs only must show that they have sufficiently pled their claims, and not the likelihood of success on the merits. Plaintiffs have sufficiently pled their claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, et seq. and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, and this Court has jurisdiction to decide those claims.

**I.　　Plaintiffs Have Sufficiently Stated a Claim Under the ADA and Section 504**

　　In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this court must "accept[] as true the facts as alleged in the complaint, view[] them in the light most favorable to the plaintiff, and recognize[] that dismissal is inappropriate 'unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.'" *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467 (4th Cir. 1999) (citations omitted).

Plaintiffs have sufficiently alleged that they are qualified individuals with disabilities under the ADA and Section 504, *see* ECF 24 ¶¶ 21-32 (Pl.'s Am. Compl.), who have been excluded or denied the benefit of public education, and been denied reasonable modifications, because of Executive Order 2 and S.B. 739.  ECF 24 ¶¶ 53-69 (Pl.'s Am. Compl.).

Defendants do not – and cannot – challenge that Plaintiffs have sufficiently alleged facts in support of their claims.  Rather, Defendants' argument (which they misleadingly place in their section on subject matter jurisdiction) is that Plaintiffs should have made a request for reasonable modification and that their failure somehow should lead this Court to dismiss their claims. There are no mandatory administrative remedies under Title II of the ADA or Section 504. Defendants point to no authority indicating that a request for a reasonable modification is a jurisdictional requirement under either law, and Plaintiffs' counsel know of none. Therefore, failure to plead that such a request was made is not a basis for dismissal. As Plaintiffs have informed the Court, the need for the exact modifications Plaintiffs request was both obvious to the state and affirmatively brought to the attention of the state authorities, including Defendant Superintendent of Education, during consideration of S.B. 739.  Further, as discussed in Plaintiffs' Reply in Support of Motion for TRO and PI, ECF 50 at p. 23-25, the evidence submitted in support of the Motion for Temporary Restraining Order and Preliminary Injunction demonstrates that the modifications sought by Plaintiffs were well known to Plaintiffs' school districts.

Defendants also argue that Plaintiffs' requested modification is unreasonable as a matter of law because it requires third parties to experience some inconvenience by wearing a mask. As discussed in Plaintiffs' Reply in Support of Motion for TRO and PI, ECF 50, at p. 25-28, this argument does not defeat the reasonableness of the requested modification, let alone doing so as a matter of law. While an accommodation may be unreasonable if it interferes with a third

2

party's legal or contractual *rights*, such as seniority rights, there is no right not to wear a mask, any more than there is a right not to wear a seatbelt or a right to drink and drive. Defendants point to no caselaw holding that mere inconvenience to third parties makes a modification unreasonable as a matter of law.

Moreover, the issue of whether an accommodation is reasonable is generally a question of fact for the fact-finder. *J.D. v. Colonial Williamsburg*, 925 F.3d 663, 675 (4th Cir. 2019) ("Our discussion thus far exemplifies the fact-intensive nature of this reasonableness inquiry. Such an inquiry is best left to a jury, who can weigh the competing evidence and make credibility determinations"); *Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 833 (4th Cir. 1994); *see also Seremeth v. Bd. of Cnty Comm'rs of Frederick Cnty*, 673 F.3d 333, 340 (4th Cir. 2012). Plaintiffs have sufficiently pled that masking is a reasonable modification, *see* E.C.F. 24 at ¶¶ 11-15, 21-32, 50-52 (Pl.'s Am. Compl.).

## II.   This Court Has Jurisdiction Over Plaintiffs' Claims

First, this Court has subject matter jurisdiction over the matter because Plaintiffs have standing to challenge Defendants' discriminatory actions. Fed. R. Civ. P. 12(b)(1). "[A]t the pleading stage, the plaintiff must 'clearly …. allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 490 (1975)). In a motion to dismiss for lack of jurisdiction, a court "may consider evidence outside the pleadings" but "[t]he moving party should prevail **only if** the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (emphasis added). "[A] trial court should dismiss under Rule 12(b)(1) only when the jurisdictional allegations are 'clearly ... immaterial, made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous.'" *Kerns v.*

3

*United States*, 585 F.3d 187, 193 (4th Cir. 2009) (quoting *Bell v. Hood,* 327 U.S. 678, 682 (1946)).

### A. Plaintiffs Have Standing

As discussed in Plaintiffs' Reply in Support of Motion for TRO and PI, ECF 50, at p. 14-17, and Plaintiffs Memorandum in Support of Motion for TRO and PI, ECF 5, at 27-32, Plaintiffs have clearly alleged each element of standing; namely injury in fact, fairly traceable to Defendants' actions, that is likely to be redressed by a favorable judicial decision. *Deal v. Mercer Cnty. Bd. Of Educ.,* 911 F.3d 183, 187 (4th Cir. 2018).

First, Plaintiffs' Amended Complaint details the injury-in-fact to Plaintiffs, including: (1) for those who must attend school in spite of their schools' lack of reasonable mask requirements, the risk to their health, and (2) for those who cannot attend school in-person, the harm of segregation, including harm to their education. See ECF 24 at ¶¶ 70-184 (Pl's Am. Compl.). "[T]he harm suffered is that Plaintiffs' schools cannot require masks as necessary to accommodate their children's disabilities" because of the threatened enforcement of Executive Order 2 and S.B. 739, which is sufficient for standing. *Arc of Iowa v. Reynolds*, 24 F.4th 1162, 1181 (8th Cir. 2022). If Defendants' arguments that this harm is "too speculative" to confer standing were correct, it would mean no state-mandated discrimination could be prevented until after it had caused irreparable harm. There is no special standing rule for disability discrimination claims. Defendants' arguments would eviscerate civil rights plaintiffs' standing in race, national origin, and sex discrimination cases to challenge clearly discriminatory state law. For example, a Black prospective voter could not challenge a state law explicitly prohibiting Black people from voting until she had tried to vote, been turned away, and been subjected to an enforcement mechanism.

The discrimination Plaintiffs are facing is fairly traceable to Defendants' actions. "An injury is fairly traceable to a challenged statute when there is a causal connection between the

4

two." *Arc of Iowa v. Reynolds*, 24 F.4th at 1171. (citations omitted). Here, the school districts Plaintiffs attend were implementing mask mandates until the issuance of Executive Order 2 and the passage of S.B. 739. Now, all Plaintiffs' school districts have dropped their mask mandates. And Plaintiffs credibly allege that Executive Order 2 and S.B. 739 led to the school districts' refusal to implement masking. Indeed, many of the districts explicitly pointed to Executive Order 2 or S.B. 739 as the reason for their policy changes and others made their changes so immediately after the state's action as to leave no doubt as to the cause. *See* ECF 24 at ¶¶ 57-60, 85-86, 95-96, 104, 113, 141, 150-51, 170-71, 182 (Pls.' Am. Compl.).

Finally, this Court can provide Plaintiffs with redress. The state laws harming Plaintiffs need not be the only barrier to Plaintiffs' relief in order for those barriers to be redressable by a court order in this matter. "[T]he removal of even one obstacle to the exercise of one's rights, even if other barriers remain, is sufficient to show redressability." *Deal,* 911 F.3d at 190. (quoting *Sierra Club v. U.S. Dep't of the Interior*, 899 F.3d 260, 285 (4th Cir. 2018)). Here, Plaintiffs' school districts have their own obligations under the ADA and Section 504 to accommodate Plaintiffs and, once state law is removed as a barrier, they can be expected to comply with those obligations. *WildEarth Guardians v. Conner*, 920 F.3d 1245, 1261 (10th Cir. 2019); *Williams v. City of Texarkana, Ark.*, 861 F.Supp. 771, 772 (W.D.Ark.,1993). Plaintiffs have alleged that Executive Order 2 and S.B. 739 are the primary barriers preventing Plaintiffs' school districts from complying with federal law and, if taken as true, as they must be at this stage, are redressable by this Court.

Defendants' jurisdictional arguments fail because Defendants' arguments rest on this Court resolving factual issues central to the merits of Plaintiffs' claims in Defendants' favor, which is not permitted at this stage. When the jurisdictional facts and the facts central to the

plaintiff's claim are "inextricably intertwined, the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) (citing *United States ex rel. Vuyyuru v. Jadhav,* 555 F.3d 337, 348 (4th Cir. 2009)); *see also Medeiros v. Wal-Mart, Inc.*, 434 F. Supp. 3d 395, 410 (W.D. Va. 2020). Defendants' Motion alleges facts counter to the allegations of Plaintiffs' Complaint and, at the pleading stage, Defendants cannot carry the day. For example, Plaintiffs have alleged that the masking of other students is necessary to protect them in the classroom. ECF 24 at ¶¶ 11, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 67-69. But Defendants in their opposition argue that Plaintiffs have no injury in fact because, Defendants claim, other accommodations may be sufficiently effective at protecting Plaintiffs in the classroom. ECF 46 (Opp. at 12.) Plaintiffs have alleged that masks are an effective means of fighting COVID-19, ECF 24 at ¶¶ 11-15, 50-52, 67-68, while Defendants assert that it is not. (Opp. at 14.) Clearly, these factual disputes are "intertwined" with the merits of Plaintiffs' claims such that they cannot be resolved without a full hearing on issues relating to the merits. In such cases, the court should either deny the motion or hold the motion under advisement until the parties have completed merits discovery. *See Kuntze v. Josh Enters., Inc.*, 365 F. Supp. 3d 630, 638–39 (E.D. Va. 2019).

Because Plaintiffs' have sufficiently pled an injury that is traceable to Defendants' actions and redressable by this Court, they have standing to bring their claims.

**B.      Plaintiffs are not required to exhaust administrative remedies under the Individuals with Disabilities Education Act**

Defendants' argument that this Court lacks subject matter jurisdiction over Plaintiffs' claims because they were required to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA") also fails. As discussed in Plaintiffs' Reply in Support of Motion for TRO and PI, ECF 50, at p. 18-21, exhaustion pursuant to the IDEA is not required

because the gravamen of Plaintiffs' Amended Complaint is that Executive Order 2 and S.B. 739 exclude Plaintiffs from the schoolhouse in violation of the ADA and Section 504. Plaintiffs' claims do not allege that the laws deny Plaintiffs "special" education services.

If this Court should determine otherwise, and find that Plaintiffs' claims could be considered to trigger the IDEA exhaustion requirement under 20 U.S.C. § 1415(l), exhaustion is still not required due to well-established exceptions cemented in case law as discussed in Plaintiffs' Reply in Support of Motion for TRO and PI, ECF 50, at p.21-23.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

Dated:  March 14, 2022                    Respectfully submitted,

/s/ Eden B. Heilman
Eden B. Heilman (Va. Bar No. 93554)
Matthew Callahan (*pro hac vice* to be filed)
Monique Gillum (*pro hac vice* to be filed)
American Civil Liberties Union (ACLU)
Foundation of Virginia
701 E. Franklin St., Suite 1412
Richmond, VA 23219
Tel: (804) 644-8022
Fax: (804) 649-2733
eheilman@acluva.org
mcallahan@acluva.org
mgillum@acluva.org

Eve L. Hill (VA Bar # 96799)
Sharon Krevor-Weisbaum (*pro hac vice*)
Jessica Weber (*pro hac vice*)
Brown Goldstein Levy LLP
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
EHill@browngold.com
skw@browngold.com
jweber@browngold.com

Steven M. Traubert (Va. Bar #41128)
Kerry M. Chilton (Va. Bar #90621)
disAbility Law Center of Virginia
1512 Willow Lawn Drive, Suite 100
Richmond, Virginia 23230
(804)225-2042
steven.traubert@dLCV.org
kerry.chilton@dLCV.org

Ian S. Hoffman (VA Bar #75002)
John A. Freedman (*pro hac vice* to be filed)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., N.W.
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
Ian.Hoffman@arnoldporter.com
John.Freedamn@arnoldporter.com

Kaitlin Banner (*pro hac vice* pending)
Margaret Hart (*pro hac vice* to be filed)
Marja K. Plater (*pro hac vice* to be filed)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS AND
URBAN AFFAIRS 700 14th Street, NW, Suite 400
Washington, DC 20005 Phone: (202) 319-1000
Fax: (202) 319-1010
kaitlin_banner@washlaw.org
margaret_hart@washlaw.org
marja_plater@washlaw.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of March 2022, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

                                              */s/ Eve L. Hill*
                                              Eve L. Hill