# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER SEAMAN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COMMONWEALTH OF VIRGINIA., *et al.*, <br><br> *Defendants*. | Case No.: 3:22-cv-00006 <br><br> INJUNCTION ORDER <br><br> Judge Norman K. Moon |

    The Plaintiffs in this case are parents who have filed suit on behalf of their twelve minor children, who have disabilities and diagnoses which put them at severe health risk if they should contract COVID-19. Plaintiffs ask the Court for a temporary restraining order and preliminary injunction of Executive Order 2 and Senate Bill 739. These laws provide that in Virginia parents have the choice whether their children wear masks in school, notwithstanding any school policy to the contrary requiring that masks be worn. Dkts. 4, 29.

    As described in the accompanying opinion, E.O. 2 and S.B. 739 are the law in Virginia. This is not a class action. The twelve plaintiffs in this case have no legal right to ask the Court to deviate from that state law in any schools in Virginia (much less school districts) where their children do not attend, or indeed even those areas of their schools in which their children do not frequent. In other words, only those schools Plaintiffs' children attend or would attend if they were able are directly impacted by this Court's decision.[1]

---

[1] Albemarle County (Brownsville Elementary School), Bedford County (Stanton River Middle), Chesapeake (Grassfield Elementary, Southeastern Elementary), Chesterfield County (Enon Elementary), Cumberland County (Cumberland Elementary), Fairfax County (Stenwood

That said, federal law, namely Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act, affords Plaintiffs a right to request a reasonable modification from state or local laws. The challenged state laws (E.O. 2 and S.B. 739) are preempted inasmuch as they pose an obstacle to Plaintiffs' right. Defendants are enjoined from enforcing E.O. 2 and S.B. 739 to the extent that such actions would seek to prevent or limit *Plaintiffs' schools or school districts* from considering in the first instance whether *Plaintiffs'* individualized requests for masking constitute a reasonable modification under federal law.

**Likelihood of Success on the Merits**

As they are seeking a preliminary injunction and temporary restraining order, Plaintiffs must establish that they are "likely to succeed on the merits." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As set forth in the accompanying opinion, the Court concludes that Plaintiffs have shown a likelihood of success on the merits.

Federal law—specifically Title II of the ADA and § 504 of the Rehabilitation Act and their regulations—requires that schools be able to consider and afford disabled students reasonable modifications from otherwise applicable state or local laws. Here, Plaintiffs have demonstrated that they are likely to succeed on the merits of their claim that E.O. 2 and S.B. 739 are preempted by federal law, to the extent that they prevent or limit Plaintiffs' schools or school districts from considering Plaintiffs' individualized requests that some amount of masking is necessary as a "reasonable modification" to that otherwise applicable Virginia law.

---

Elementary), Henrico County (Quioccasin Middle), Loudoun County (Trailside Middle and Loudoun County High), Manassas City (Jennie Dean Elementary), York County (Tabb Middle). Am. Compl. ¶¶ 71, 83, 89, 98, 106, 119, 125, 135, 144, 154, 164, 174.

**Irreparable Harm**

Next, Plaintiffs must establish that they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. A "possibility of irreparable harm" is insufficient. *Id.* at 22. In this case and on this record, for the reasons set forth in the accompanying opinion, the Court finds that Plaintiffs have established that they are likely to suffer irreparable harm without preliminary relief, on the basis that they are experiencing and will continue to experience irreparable injuries because of E.O. 2 and S.B. 739. Specifically, Plaintiffs have provided substantial evidence that exposure to COVID-19 places them at heightened risk of severe illness or death, and that transmission of COVID-19 in their communities and schools specifically presents an acute, ongoing risk; substantial evidence including from Plaintiffs' treating physicians that, in a voluntary-masking environment created by these laws, it would be unsafe for Plaintiffs to return to in-person instruction; and that any alternatives to in-person attendance are either unavailable or lacking equivalent or substantially comparable educational opportunity. These grave risks to Plaintiffs' health and their inability to access education on account of these circumstances establish irreparable harms. *See, e.g.*, *Arc of Iowa v. Reynolds*, 24 F.4th 1162, 1180 (8th Cir. 2022); *Doe 1 v. Perkiomen Valley Sch. Dist.*, No. 22-cv-287, 2022 WL 356868, at *25 (E.D. Pa. Feb. 7, 2022) (explaining that "[t]he inability to access education constitutes irreparable harm because it is of critical importance to child development and its loss cannot be compensated with monetary damages").

**Balance of Equities and Public Interest**

Plaintiffs must further show that "the balance of equities tips in [their] favor" and that "an injunction is in the public interest," to secure a preliminary injunction. *Winter*, 555 U.S. at 20. In a case, as here, where the government is the opposing party, these two factors may be considered

together. *See Roe v. Dep't of Defense*, 947 F.3d 207, 230 (4th Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). For the reasons set forth in the accompanying opinion, the Court concludes that the balance of the equities and public interest factors also tip in Plaintiffs' favor. The public interest is served by permitting Plaintiffs' school districts to consider whether Plaintiffs' individualized requests for some amount of masking constitute reasonable modifications required by federal law, and supporting the public interests underlying the ADA itself; and any state interest in enforcing its laws must yield to the federal interest to that limited extent. Public health interests are also advanced by permitting Plaintiffs' schools to consider such requests. Moreover, and particularly in view of the limited injunctive relief afforded, any countervailing burdens and equities—to the extent they may result if Plaintiffs' schools impose some amount of masking as a reasonable modification—are not currently present to any degree that would compel a contrary conclusion on these factors at this point of the litigation.

**Bond**

Plaintiffs have requested that a temporary restraining order and injunctive relief be issued without bond. Rule 65 provides that a "court may issue a preliminary injunction … only if the movant gives security," Fed. R. Civ. P. 65(c), and the Fourth Circuit explained that district courts "retain[ ] the discretion to set the bond amount as it sees fit or waive the security requirement," *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013). The Fourth Circuit has further instructed that district courts should, in considering this issue, "be guided by the purpose underlying Rule 65(c), which is to provide a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued injunction or restraining order," and thereby "depends on the gravity of the potential harm to the enjoined party." *Hoescht Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999). Significantly, the Court notes that, in

opposing Plaintiffs' request for injunctive relief, Defendants have not argued that any bond is necessary here. *See* Dkt. 46. The Court finds that fixing a bond would not serve the purposes underlying Rule 65(c) in this case, and the limited injunctive relief afforded would not cause any such injury to Defendants such as to provide for potential means of reimbursement. Accordingly, the Court waives the security requirement.

It is therefore **ORDERED** that, to avoid irreparable harm and maintain the status quo, Plaintiffs' Motions for Preliminary Injunction are **GRANTED IN PART**, to the extent set forth and for the reasons set forth in the accompanying memorandum opinion. Dkts. 4, 29.

Defendants, Defendants' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendants are hereby **ENJOINED** from implementing, giving any effect to, issuing any guidance adopting, imposing any fines or withholding any funding in connection with, or bringing any legal actions to enforce E.O. 2 and S.B. 739, *to the extent that such actions would seek to prevent or limit Plaintiffs' schools or school districts from considering, in the first instance, whether Plaintiffs' individualized requests for masking constitute a reasonable modification under federal law*, until a final decision in this litigation is issued.

It is further **ORDERED** that the required bond or security to be posted by Plaintiffs under Rule 65(c) of the Federal Rules of Civil Procedure are waived. The parties will be and hereby are **DIRECTED** to contact the Clerk's Office forthwith to schedule dates for trial.

The Clerk of Court is directed to send this Injunction Order to all counsel of record.

Entered this  23rd  day of March, 2022.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE