# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

| | | |
|---|---|---|
| CHRISTOPHER SEAMAN, <br> individually and on behalf of C.S., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE COMMONWEALTH OF VIRGINIA, *et al.*, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case no. 3:22-cv-6 (NKM) (JCH) |

**SETTLEMENT AGREEMENT**

This Settlement Agreement (the "**Settlement Agreement**") is made by and between Plaintiffs Christopher Seaman, individually and on behalf of C.S., a minor; Elizabeth Allison Lyons, individually and on behalf of C.S., a minor; Tasha Nelson, individually and on behalf of J.N., a minor; Elizabeth Burnett, individually and on behalf of B.B., a minor; Lindsey Dougherty, individually and on behalf of G.D., a minor; Meghan Dufrain, individually and on behalf of J.D., a minor; Roch Dufrain, individually and on behalf of J.D., a minor; Denille Francis, individually and on behalf of Q.O., a minor; Brian Mulligan, individually and on behalf of R.M., a minor; Lori Dooley, individually and on behalf of R.M., a minor; Kimberly Crawley, individually an on behalf of I.C., a minor; L.W., individually and on behalf of C.B., a minor; K.R., individually and on behalf of L.R., a minor; S.K., individually and on behalf of M.K., a minor; and R.M., individually and on behalf of J.M., a minor (collectively, the "**Plaintiffs**"); and the Commonwealth of Virginia; Glenn Youngkin, in his official capacity as the Governor; Jason Miyares, in his official capacity as Attorney General; Jillian Balow, in her official capacity as Superintendent of Public

Instruction; and Colin Greene, in his official capacity as State Health Commissioner (collectively, the "**Defendants**," and, together with the Plaintiffs, the "**Parties**"), regarding the claims made in *Seaman, et al. v. Commonwealth of Virginia, et al.*, Case no. 3:22-cv-6 (NKM) (JCH) (W.D. Va.) (the "**Action**") as follows:

1. **Dear Colleague Letter.** Within 14 days of the last date of execution of this Settlement Agreement, the Superintendent of Public Instruction shall send to the superintendent of each school division where any of the Plaintiffs attend school in the Commonwealth a "dear colleague letter" interpreting the interaction of Virginia Executive Order 2 (2022) ("E.O. 2") and Senate Bill 739 (2022) ("S.B. 739"), with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, as follows:

> On March 23, 2022, the United States District Court for the Western District of Virginia ruled in Seaman v. Commonwealth of Virginia, No. 3:22-cv-6 (W.D. Va.), that twelve students in Virginia public schools have the right under the Americans with Disabilities Act (ADA), 42 U.S.C. § 1201 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, to request that their schools consider implementing peer masking as a reasonable modification of school masking policies. You are receiving this letter because one of those twelve students attends [name of school] in [name of school division].
>
> I write to explain the Department's understanding of the interaction between the ADA and Rehabilitation Act and Senate Bill (S.B. 739), codified at Va. Code § 22.1-2.1, and Executive Order No. 2 (E.O.2). As you know, S.B. 739 and E.O. 2 protect the right of Virginia's parents to decide whether their children will wear a mask in school, notwithstanding any school rule that would require students to wear masks. The ADA and Rehabilitation Act forbid discrimination on the basis of disability, and require schools to make reasonable modifications to their policies and practices to accommodate students with disabilities.
>
> The court has held that S.B. 739 and E.O. 2 remain fully in force and that the right of Virginia's parents to decide whether their children will wear a mask in school remains intact. It also held that the parents of the children in the case have the right to request, and if necessary receive, some amount of required masking of their child's peers as a reasonable modification under

2

the ADA and Rehabilitation Act. Therefore, neither S.B. 739 nor E.O. 2 pose any obstacle to a parent requesting some amount of required masking as a reasonable modification under the ADA or Rehabilitation Act. And if some amount of required masking is a reasonable modification necessary to satisfy the ADA and Rehabilitation Act rights of a student with disabilities, S.B. 739 and E.O. 2 do not prohibit this modification.

The school must engage in the interactive process with the student and his or her parents to determine in the first instance whether some amount of masking is necessary to satisfy the ADA and Rehabilitation Act. In making that determination, a school should consider alternative modifications such as one-way masking, staff or teacher masking, ventilation improvements, and social distancing. If a school nevertheless determines that peer masking is the reasonable modification necessary to satisfy the ADA and Rehabilitation Act rights of a student with a disability, S.B. 739 and E.O. 2 do not prohibit this modification. Any required masking should be limited to the places and times necessary to satisfy the requirements of the ADA and Rehabilitation Act. The school must not require a student with disabilities to be segregated or excluded solely because of his or her need for peer masking as a necessary reasonable modification.

The school must also protect the state-law rights of parents who have decided under S.B. 739 and E.O. 2 that their children will not wear a mask. It must take every reasonable step consistent with state and federal law to ensure that any student whose parents do not want him or her to wear a mask is not required to wear one. For example, the school must, if possible, offer the student an alternative seat or classroom assignment to accommodate his or her parents' wishes. In addition, the school may not require any student to mask when doing so would violate that student's rights under the ADA and Rehabilitation Act, or when doing so would significantly impair that student's health or education due to a demonstrated medical condition.

Defendants shall post and maintain the "dear colleague" letters on the Virginia Department of Education website on the COVID-19 Special Education Resources webpage for the term of the Settlement Agreement. The letters shall be maintained on a webpage entitled "Settlement of claims under the Americans with Disabilities Act regarding masking in schools in *Seaman v. Commonwealth*." The webpage shall include the following description in addition to links to the "dear colleague" letters: "The letters linked below were sent by the Superintendent of Public Instruction to the superintendents of ten Virginia public school divisions as part of a settlement of Americans with Disabilities Act claims relating to masking in schools brought by twelve students who attend

3

school within those divisions." Upon the request of any Plaintiff, Defendants shall send an additional copy of the relevant "dear colleague" letter to the superintendent of the school division where the requesting Plaintiff attends public school. Defendants shall send the requested copy within thirty days of the receipt of the request, but Defendants shall not be required to send a copy to any superintendent more than once during the same academic year. Defendants will not take enforcement actions under E.O. 2 or S.B. 739 with regard to the issue of peer masking as a reasonable modification for the individual Plaintiffs in their respective schools in a manner inconsistent with the Dear Colleague Letter.

2.  **Payment to Plaintiffs' Attorneys.** In consideration of Plaintiffs' execution of this Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth herein, including the final resolution of the Action, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Commonwealth of Virginia, on behalf of the Defendants, shall pay the gross sum of TWO HUNDRED NINETY FIVE THOUSAND DOLLARS ($295,000), for which I.R.S. Form 1099 shall be issued to Plaintiffs' attorneys in the same amount, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiffs or Plaintiffs' attorneys for any and all counsel who have at any time represented or assisted Plaintiffs in the Action, or in connection with any other proceeding (administrative, judicial, or otherwise) and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to: "Brown Goldstein & Levy, LLP", and mailed to 120 E. Baltimore St., Suite 2500, Baltimore, MD 21202.

3. **State Approval of Payments.** The payment referenced in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate state officials, and approval will not be unreasonably withheld. Plaintiffs and Plaintiffs' attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

4. **Taxes.** Any taxes, or interest or penalties on taxes, on the payments referenced in Paragraph 2 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiffs and their attorneys for fees paid to said attorneys. Plaintiffs and their attorneys agree and acknowledge that they shall have no claim, right, or cause of action against Defendants, or any of their present or former agencies, departments, divisions, officers, employees, agents, attorneys, and assigns, whether in an individual or official capacity, or any of them, or all of them, on account of such taxes, interest, or penalties.

5. **Responsibility for Liens.** Plaintiffs and Plaintiffs' attorneys agree that the Defendants (including, but not limited to, any and all agencies, departments, and subdivisions of the Commonwealth and any of its officials, employees, or agents, whether in their individual or official capacities) shall not be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the payments referenced in Paragraph 2 of this Settlement Agreement by operation of law or otherwise. Plaintiffs and Plaintiffs' attorneys agree and acknowledge that they shall have no claim, right, or cause of action against Defendants (including, but not limited to, any and all agencies, departments, and subdivisions of the Commonwealth and any of its officials, employees, or agents, whether in their individual or official capacities) for the satisfaction of any such liens.

6.      **Release in Favor of Defendants.** For and in consideration of the agreements set forth in this Settlement Agreement, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiffs, on behalf of themselves, administrators, successors, and assigns (collectively, "Releasing Parties"), hereby release, acquit, and forever discharge the Defendants, together with all of their agencies, agents, departments, instrumentalities, insurers, officers, employees, contractors, and all other entities required to be released under Va. Code § 8.01-195.8, and any other person or entity for which the Commonwealth may be liable, whether in an individual or official capacity, or any of them, or all of them (collectively, "Released Parties") of and from any and all claims, actions, causes of action, demands, rights, damages, costs, agreements, grievances, obligations, loss of service, expenses and compensation whatsoever, direct or indirect, known or unknown, discovered or undiscovered, which the Plaintiffs have in any way related to or arising out of the acts, transactions, occurrences, or omissions that are described, alleged, or contained in the Action ("the Released Claims"). To the fullest extent permitted by law, the Releasing Parties forever waive, release, and covenant not to sue or file or assist with suing or filing any lawsuit or claim against any of the Released Parties with any court, governmental agency, or other entity or in any other forum based on the Released Claims, whether known or unknown at the time of execution.

7.      **No Other Action or Proceeding Commenced.** Other than the Action, Plaintiffs represent that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties that would be subject to the release contained in Paragraph 6, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or

6

agency, and acknowledge that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

8. **No Admission of Fault or Liability.** It is understood and agreed that this Settlement Agreement is the compromise of disputed claims, and that its terms are not to be construed as an admission of fault or liability on the part of any party or parties hereby released, and that Defendants expressly deny liability and intend merely to avoid further litigation and resolve the disputed claims upon mutually agreeable terms.

9. **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

10. **Voluntary Agreement.** Plaintiffs represent that they have thoroughly discussed with counsel all aspects of this Settlement Agreement, and Plaintiffs represent that they have carefully read and fully understand all of the provisions of this Settlement Agreement. Plaintiffs represent that they execute and deliver this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledge that they understand its terms, contents, and effect. Plaintiffs acknowledge that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

11. **Negotiated Agreement.** This Settlement Agreement was entered into in good faith based upon arms-length negotiation between the parties and their counsel. The language in all parts of this Settlement Agreement shall be construed according to its fair meaning and not strictly for or against any party.

12. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the Action, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the Action and this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties.

13. **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the Commonwealth of Virginia applicable to contracts to be performed wholly within the Commonwealth of Virginia, without regard to its conflict-of-laws or choice-of-law rules and principles.

14. **Severability.** With the exception of paragraphs 1, 2, 6, and 17 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, or if new state or federal laws are enacted or new federal or state regulations are promulgated which negate or invalidate any provision of this Settlement Agreement, such decision, enactment or promulgation shall not invalidate the remaining portion or affect its validity.

15. **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

16. **Dispute Resolution.** The Parties agree to resolve any disputes related to this Settlement Agreement in the following manner:

    a. Defendants will provide one or more point(s) of contact for Plaintiffs to contact regarding compliance issues during the term of this Settlement Agreement.

8

      **b.**      Plaintiffs shall make a notification of non-compliance in writing to Defendants, which can be by email, to the designated point of contact(s).

      **c.**      Defendants shall take all reasonable steps to review the alleged compliance issue, and to remedy the issue promptly if they determine it constitutes non-compliance with the Settlement Agreement. Defendants shall keep Plaintiffs regularly and timely apprised of their conclusions and any remedial efforts, and will provide additional information upon reasonable request by the Plaintiffs.

      **d.**      After notifying Defendants of a claim of non-compliance with this Settlement Agreement, Plaintiffs shall not take further legal action for at least ten days. However, in the event of an emergency, Plaintiffs may take legal action three days after notice to the Defendants. If, ten days after Plaintiffs' notice, Defendants have not remedied the claimed non-compliance, or have concluded that Defendants are complying with the Agreement, Plaintiffs may notify the Court in this Action of the non-compliance and seek a judicial remedy to the extent that the alleged non-compliance falls within the scope of paragraph 17. To the extent that the alleged non-compliance falls outside the scope of paragraph 17, Plaintiffs may seek a judicial remedy in a court of competent jurisdiction.

      **e.**      In the event a dispute is brought before the Court pursuant to this paragraph, nothing in this agreement shall preclude any party from seeking their reasonable attorney's fees and costs concerning such non-compliance to the extent provided by applicable law.

**17.**      **Conditional Dismissal with Prejudice.** The parties agree that this action shall be conditionally dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), but

the Court shall retain jurisdiction for the limited purpose of enforcing the terms of this Settlement Agreement only with respect to any disputes arising thereunder as to Defendants' enforcement of E.O. 2 or S.B. 739 with regard to peer masking as a reasonable modification for the individual Plaintiffs in their schools. The parties shall file the Joint Motion to Dismiss and Retain Jurisdiction attached herein as Exhibit A, requesting the Court to enter the Proposed Order of Dismissal attached herein as Exhibit B.

18. **Term.** The Parties' continuing obligations under this Settlement Agreement shall terminate, as to each of the minor Plaintiffs and their next friends, when each minor Plaintiff ceases to attend a public elementary or secondary school, or public school-based early childhood care and education program, in the Commonwealth of Virginia. For the avoidance of doubt, however, the Release described in Paragraph 6 shall not expire.

19. **Execution in Counterparts.** This Agreement is being executed in one or more counterparts, each of which shall be deemed an original and all of which together constitute one and the same instrument, and photographic copies of such signed counterparts may be used in lieu of the original. Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures.

**PLAINTIFFS:**

| Signature | Date | Signature | Date |
|---|---|---|---|
| Tasha Nelson | 11/9/2022 | Elizabeth Burnett | 11/9/2022 |
| Kimberly Crawley | 11/9/2022 | Denielle Francis | 11/15/2022 |
| Lesley Wilson | 11/9/2022 | Meghan Dufrain and Robert Dufrain | |

10

Stephen Kahn — 11/11/2022
Lindsey Dougherty — 11/9/2022
Chris Seaman — 11/15/2022
Elizabeth Allison Lyons — 11/17/2022

Russell and Jessica Meier — 11/9/2022
Lori Dooley — 11/9/2022
Kimberly Ruff — 11/9/2022
Brian Mulligan — 12/5/2022

**DEFENDANTS:**

THE COMMONWEALTH OF VIRGINIA
Date: 12-2-2022

SUPERINTENDENT OF PUBLIC INSTRUCTION JILLIAN BALOW
Jillian Balow — Digitally signed by Jillian Balow, Date: 2022.12.01 13:25:46 -05'00'
Date: _____

GOVERNOR GLENN A. YOUNGKIN
By: _____
His: Chief of Staff
Date: 11/29/22

HEALTH COMMISSIONER COLIN M. GREENE
Date: 18 November 2022

ATTORNEY GENERAL JASON S. MIYARES
Date: 11-21-2022

11